STATE OF MISSISSIPPI v. JAMES HANEY.

[51 South. 913.]

CRIMINAL LAW AND PROCEDURE. *Obtaining money under false pretenses.*
*Indictment. Executory promises.*

An indictment for obtaining money under false pretenses is demurrable if predicated of executory promises to rent land, although made while negotiating a loan of the money.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Haney, appellee, was indicted for obtaining money under false pretenses. A demurrer to the indictment was sustained and the accused discharged. The state appealed to the supreme court. The indictment, omitting formal parts, was in these words:—

"James Haney, late of the county aforesaid, on the 17th day of December, A. D. 1909, with force and arms, in the county aforesaid, and within the jurisdiction of this court, then and there unlawfully, willfully, feloniously, and designedly, with the intention of cheating and defrauding one Spencer S. Hudson of his money, unlawfully, knowingly, feloniously, and designedly did falsely pretend to the said Spencer S. Hudson that, if he would lend him one hundred dollars, he would rent and work fifteen acres of land for the said Spencer S. Hudson on the Oak Grove plantation, in Holmes county, Mississippi, for the farming year of 1904; said contract being of the tenor following:

" '$90.00.                                      23 Apr., 1904.

" 'On 15th November, 1904, after date, for value received, I promise to pay to the order of Spencer S. Hudson ninety 00/100 dollars, at Vicksburg, with interest at 10% per annum from maturity until paid, and in the event that default is made in

the payment of this note at maturity, and it is placed in the hands of an attorney for collection, or suit is brought upon the same, the additional amount of 10% on principal and interest of this note shall be added to the same as collection fees. This note is given for the rent of fifteen acres of land on Oak Grove plantation, in Holmes county, Mississippi, for the year 1904.

" '[Signed]                                         James X. Haney.
" 'Witness: Carl Fox.'

"After said contract was made by said Haney, the said Hudson, on said written promise, gave the said Haney the said one hundred dollars, when in truth and in fact he, the said James Haney, never did work the said land for said year, or any other year, and never intended to work the same when he falsely, designedly, and feloniously obtained said money of said Hudson, as he, the said Haney, well known, by color and means of which said false pretenses the said James Haney did then and there knowingly, feloniously, designedly, and falsely obtain of and from the said Hudson the sum of one hundred dollars, the property of Spencer S. Hudson, and of the value of one hundred dollars lawful money of the United States—contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Mississippi."

*George Butler,* assistant attorney-general, for appellant.

Counsel cited 2 Bishop's Criminal Law, §§ 415, 419, 420, 424, 427; *Barton v. People,* 25 Am. St. Rep. 378, note; *Barton v. People,* 10 L. R. A. 302; 13 Am. & Eng. Ency. of Law (2d ed.) 804, 809, 810, 811.

No counsel appeared for appellee.

MAYES, J., delivered the opinion of the court.

The indictment in this case charges no offense, and the action of the court below in sustaining the demurrer and dismissing the indictment was as it should have been.

*Affirmed.*